# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: February 27, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| KAREN J. DARLING, | * | Unpublished |
| | * | |
| Petitioner, | * | No. 20-63V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Stipulation; Influenza ("Flu"); |
| AND HUMAN SERVICES, | * | Chronic Inflammatory |
| | * | Demyelinating Polyneuropathy |
| Respondent. | * | ("CIDP"). |
| * * * * * * * * * * * * | | |

*Glen Howard Sturtevant, Jr.,* Rawls Law Group, for petitioner.
*Mark Kim Hellie,* U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON STIPULATION[1]

On January 21, 2020, Karen J. Darling ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that as a result of receiving the influenza ("Flu") vaccine on September 25, 2017, she suffered injuries including chronic inflammatory demyelinating polyneuropathy ("CIDP"). *Id*.

On February 27, 2023, respondent filed a stipulation providing that a decision should be entered awarding compensation to petitioner. Stipulation (ECF No. 109). Respondent denies that the flu vaccine caused petitioner to suffer from CIDP, or any other injury or her current condition. *Id*. at ¶ 6. Nevertheless, maintaining their respective positions, the parties agree that the issues between them shall be settled and that a decision should be entered awarding petitioner

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the decision will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id*. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id*.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

compensation according to the terms of the stipulation attached here to as Appendix A. *Id.* at ¶ 7.

The stipulation awards:

**a)  A lump sum of $95,000.00 in the form of a check payable to petitioner.**

**These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

I adopt the parties' stipulation attached hereto, and incorporate the language of the stipulation into this decision set forth in full. The Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).